**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1090**

CLINTON W. JONES,

            Plaintiff - Appellant,

    v.

CONSTELLATION ENERGY PROJECTS & SERVICES GROUP, INC., merged
with Constellation Newenergy, Inc.,

            Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge.
(8:13-cv-00850-RWT)

Submitted:  September 29, 2015          Decided:  October 22, 2015

Before NIEMEYER, SHEDD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Barton David Moorstein, BLANK, MOORSTEIN, & LIPSHUTZ, LLP,
Rockville, Maryland, for Appellant.  John M. Remy, Michael N.
Petkovich, JACKSON LEWIS P.C., Reston, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clinton W. Jones appeals the district court's order granting summary judgment to Constellation Energy Projects & Services Group, Inc. ("CEPS") on his (1) racial and age discrimination claims under Title VII of the Civil Rights Act of 1964, see 42 U.S.C. §§ 2000e-2000e-17 (2012), 42 U.S.C. § 1981 (2012), and the Age Discrimination in Employment Act (ADEA), see 29 U.S.C. §§ 621-634 (2012) (Counts 1, 3, 5); (2) retaliation claims under Title VII and 42 U.S.C. § 1981 (Counts 2, 4); and (3) various state law claims sounding in contract law (Counts 6-10). On appeal, Jones argues that the district court erred in holding that he failed to present direct or indirect evidence of retaliation and that he failed to make out a prima facie case of racial and age discrimination and of retaliation.[1] Finding no error, we affirm.

"We review the district court's grant of summary judgment de novo, viewing the facts and the reasonable inferences therefrom in the light most favorable to the nonmoving party."

---

[1] Although Jones' opening brief mentions his state law claims in passing, Jones presents no arguments regarding why the district court's order erred in granting summary judgment on these claims. Accordingly, Jones has waived appellate review of his state law claims in Counts 6-10 of his amended complaint. See United States v. Bartko, 728 F.3d 327, 335 (4th Cir. 2013) (holding that issue not raised in opening brief, as required by Fed. R. App. P. 28(a)([8])(A), is waived).

Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011). "Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Hoschar v. Appalachian Power Co., 739 F.3d 163, 169 (4th Cir. 2014). Where the moving party makes an initial showing that there is no genuine issue of material fact, the nonmoving party must "go beyond the pleadings" and rely on affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate that a genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Finally, "[i]t is well established that [a] genuine issue of material fact is not created where the only issue of fact is to determine which of . . . two conflicting versions of the plaintiff's testimony is correct." S.P. v. City of Tacoma Park, 134 F.3d 260, 274 n.12 (4th Cir. 1998) (internal quotation marks omitted).

I.

A plaintiff may prove discrimination under Title VII, 42 U.S.C. § 1981, or the ADEA "either through direct and indirect evidence of [discriminatory] animus, or through the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 . . . (1973)." Foster v. Univ. of Md.-Eastern Shore, 787 F.3d 243, 249 (4th Cir. 2015); see Love-Lane v. Martin, 355 F.3d 766, 786 (4th Cir. 2004) (holding that claims of racial

3

discrimination under § 1981 are evaluated under the Title VII framework). On appeal, Jones alleges he made out a prima facie case of discrimination under the McDonnell Douglas test. To advance a discrimination claim beyond the summary judgment stage under McDonnell Douglas, a plaintiff must put forth a prima facie case by showing that (1) "he belongs to a protected class;" (2) "he suffered an adverse employment action;" (3) "at the time of the adverse action, he was performing his job at a level that met employer's legitimate expectations;" and (4) the adverse employment action occurred under circumstances giving rise to an inference of unlawful discrimination. Adams v. Trs. of the Univ. of N.C.-Wilmington, 640 F.3d 550, 558 (4th Cir. 2011).

Jones, as an African-American in his 50s at the time of his termination, is a member of two protected classes for purposes of the first element. Regarding the second element, Jones identifies four potential adverse employment actions: (1) CEPS issuing him a "basic performance" performance review for 2009; (2) CEPS placing him on a performance improvement plan ("PIP"); (3) CEPS shortchanging him on commissions; and (4) CEPS terminating his employment. "The requirement of an adverse employment action seeks to differentiate those harms that work a significant detriment on employees from those that are relatively insubstantial or trivial." Adams v. Anne Arundel

4

Cty. Pub. Sch., 789 F.3d 422, 431 (4th Cir. 2015) (internal quotation marks omitted). Although "[c]onduct short of ultimate employment decisions can constitute adverse employment action," James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 375-76 (4th Cir. 2004) (internal quotation marks omitted), "adverse employment action . . . denotes some direct or indirect impact on an individual's employment as opposed to harms immaterially related to it," Anne Arundel Cty. Pub. Sch., 789 F.3d at 431. Thus, the plaintiff must demonstrate "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Hoyle v. Freightliner, LLC, 650 F.3d 321, 337 (4th Cir. 2011) (internal quotation marks omitted).

Jones has not demonstrated how his "basic performance" evaluation or his placement on a PIP changed his employment status or his compensation. Further, although shortfalls in commissions do constitute the denial of compensation and could qualify as an adverse employment action, the record supports CEPS' contention that it did not shortchange Jones on any of the three commissions occurring after January 2009.[2] On appeal,

---

[2] Although the "Statement of Issues" section in Jones' opening brief identifies as an issue the district court's ruling that most of his commission claims were time-barred, the (Continued)

5

Jones does not cite any evidence in the record that creates a genuine issue of material fact regarding whether CEPS shortchanged Jones on commissions. Accordingly, we conclude that while Jones has satisfied the second element, only Jones' termination qualifies as an adverse employment action.

Turning to the third element, whether an employee met his employer's legitimate expectations at the time of termination depends on the "perception of the decision maker . . ., not the self-assessment of the plaintiff." Hawkins v. PepsiCo, Inc., 203 F.3d 274, 280 (4th Cir. 2000). And because it is the plaintiff's burden to persuade the trier of fact that he met his employer's legitimate subjective employment expectations, at the prima facie stage we must consider the employer's "evidence that the employee was not meeting those expectations." Warch v. Ohio Cas. Ins. Co., 435 F.3d 510, 515-16 (4th Cir. 2006). Having reviewed the record, we conclude that Jones has not demonstrated that he was satisfying CEPS' legitimate job expectations.

---

argument section of the brief makes no reference to this issue. Accordingly, Jones has waived appellate review of the district court's decision that the majority of his claims were time-barred and only those claims after January 2009 can constitute an adverse employment action for purposes of establishing a prima facie case under 42 U.S.C. § 1981. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 653 n.7 (4th Cir. 2006) (holding one-sentence assignment of error in opening brief insufficient to raise issue for purposes of appellate review).

Accordingly, Jones has not satisfied the third element of the McDonnell Douglas test.  Therefore, Jones has not made out a prima facie case of racial or age discrimination, and the district court properly granted summary judgment on Counts 1, 3, and 5 of Jones' amended complaint.

## II.

A plaintiff bringing a retaliation claim under Title VII or 42 U.S.C. § 1981 can prove his claim "through direct and indirect evidence of retaliatory animus, or through the burden-shifting framework of McDonnell Douglas."  Foster, 787 F.3d at 249.  On appeal, Jones argues that he presented direct and indirect evidence of discriminatory animus and that he made out a prima facie case of retaliation under the McDonnell Douglas framework.  We consider both arguments in turn.

A plaintiff seeking to use direct and indirect evidence to establish a claim of retaliation following a complaint of racial discrimination is required to present "evidence of conduct or statements that both reflect directly the alleged discriminatory attitude and that bear directly on the contested employment decision."  Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 577-78 (4th Cir. 2015) (internal quotation marks omitted). Even assuming that Jones created a genuine issue of fact regarding whether there was a racially discriminatory attitude at CEPS, this issue of fact is only material if Jones also

7

presented some evidence tying the racially discriminatory attitude at CEPS to his termination.

Here, Jones alleges a temporal connection between his protected activity of complaining internally about racial discrimination and his termination. The record shows Jones complained of racial discrimination in November 2009 and CEPS terminated him nine months later, in August 2010. We conclude that the significant lapse of time between the protected activity engaged in by Jones and his termination does not support an inference of retaliation. Cf. Foster, 787 F.3d at 257 (finding inference of causation where termination occurred within one month of employee filing complaint); Pascual v. Lowe's Home Cntrs., Inc., 193 F. App'x 229, 233 (4th Cir. 2006) (No. 05-1847) (finding no causal connection where three to four months passed between claimed protected activities and termination); King v. Rumsfeld, 328 F.3d 145, 151 n.5 (4th Cir. 2003) (finding inference of causation where termination occurred within two and a half months of employer receiving notice of employee's EEOC filing).

In an effort to overcome this temporal gap, Jones further contends that he was placed under scrutiny by CEPS shortly after his complaint. To establish a causal link between the alleged animus and the adverse employment action, a plaintiff must demonstrate that the individuals who expressed animus played a

role in the adverse employment action. Crockett v. Mission Hosp., Inc., 717 F.3d 348, 356 (4th Cir. 2013). Here, the record shows that the individuals responsible for overseeing Jones' performance and for Jones' termination were Gregory Jarosinski, CEPS' President of Sales, and Walter Godleski, CEPS' Director of Sales. Jones' amended complaint raises no allegations that Godleski made any statements exhibiting discriminatory animus, and Jones conceded during his deposition testimony Jarosinski made no such statements. Accordingly, where Jones has not established any causal connection between the alleged statements demonstrating racial animus and Jones' termination, he has not presented sufficient direct and indirect evidence of retaliation to survive summary judgment.

Turning to the elements of a prima facie retaliation claim under the modified McDonnell Douglas framework, a plaintiff must show (1) he engaged in a protected activity, (2) his employer took an adverse action, and (3) there was a causal connection between the two. Foster, 787 F.3d at 250. Jones' failure to present direct or indirect evidence of a causal connection between his complaint, the discriminatory animus at CEPS, and his termination, likewise renders Jones unable to satisfy the third element of the modified McDonnell Douglas framework.

Therefore, we affirm the district court's order granting CEPS' motion for summary judgment. We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED
